IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LAURIE LYNN H., )
 )
         PLAINTIFF, )
 )
vs. ) CASE NO. 18-CV-339-FHM
 )
Andrew M. Saul,[1] Commissioner of )
Social Security, )
 )
         Defendant. )

## OPINION AND ORDER

Plaintiff, LAURIE LYNN H., seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the

---

[1] Effective June 17, 2019, Andrew M. Saul is the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul should be substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

[2] Plaintiff Laurie Lynn H.'s application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) B. D. Crutchfield was held May 15, 2017. By decision dated September 13, 2017, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on May 1, 2018. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 49 years old on the alleged date of onset of disability and 51 years old on the date of the denial decision. She has a juris doctorate degree and past relevant work includes a lawyer and security guard. [R. 27]. Plaintiff claims to have been unable to work since March 9, 2015[3] due to lupus, fibromyalgia, osteoarthritis, bone spurs, anxiety, depression, irritable bowel syndrome, and vision problems. [R. 161].

---

[3] Plaintiff amended her onset date from January 1, 2010 to March 9, 2015. [R. 15].

## The ALJ's Decision

The ALJ determined that Plaintiff has the following severe impairments: systemic lupus erythematosus, osteoarthritis, and affective disorder. [R. 17]. The ALJ determined that the Plaintiff has the residual functional capacity to perform light work, specifically, Plaintiff can lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit, stand and/or walk 6 of 8 hours with normal breaks; push and pull is limited to 20 pounds occasionally and 10 pounds frequently; limited to simple, routine tasks and occasional contact with the public. [R. 19]. The ALJ determined that Plaintiff could not perform her past relevant work, however, based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 27-28]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at Step 5 of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts the ALJ: 1) erred in finding her not disabled and capable of performing light unskilled work; and 2) failed to properly consider the opinion of consultative examiner, William L. Cooper, Ph.D. [Dkt. 14, p. 2].

## Analysis

Residual Functional Capacity

Plaintiff argues that the ALJ erred in finding her not disabled and capable of performing light unskilled work. Plaintiff contends that these findings are not supported by

substantial evidence. Further, the ALJ seems to particularly rely on non-examining DDS medical opinion in reaching her conclusion. [Dkt. 14, p. 3-4].

Consultative examiner, Katherine E. Rankin, D.O., examined Plaintiff on May 28, 2015. Plaintiff reported a history of lupus, fibromyalgia, and chronic joint pain, particularly her hands, elbows and neck. She rated her pain 7/10. Dr. Rankin noted neck pain was appreciated with bilateral rotation and mild decreased range of motion of bilateral shoulders. Plaintiff was able to pick up and manipulate paperclips without difficulty, she moved about the examination room easily, and had full range of motion of her spine. Finger to thumb opposition was adequate; straight leg raises were negative bilaterally in seated and supine positions. Toe/heel walk was normal and Plaintiff ambulated with a stable gait at an appropriate speed. [R. 396-97]. Dr. Rankin performed a tender point examination noting Plaintiff had 7of 18 tender points. [R. 402]. The ALJ gave Dr. Rankin great weight as her opinion was substantiated by the objective medical evidence and portrayed a more accurate assessment of Plaintiff's limitations. [R. 27].

Consultative examiner, William L. Cooper, Ph.D., performed a mental status examination on June 10, 2015. Dr. Cooper noted that Plaintiff obtained a law degree from the University of Tulsa in 1996 and was last employed as an attorney on a part-time basis six or seven years ago. Plaintiff stated that she had been unemployed due to symptoms of lupus, fibromyalgia, and anxiety. Plaintiff lives next door to her parents who have supported her financially for the last several years. She is independent for self-care, occasionally prepares light meals, and can perform routine household chores on a limited basis due to physical pain in her neck, back, and hands. Plaintiff is able to shop independently, drive, and babysit a friend's two children two days per week. Plaintiff only

took medication for blood pressure as she currently did not have a physician to write other prescriptions for her. She also claimed to suffer from anxiety all her life. Dr. Cooper found Plaintiff to be of at least average intelligence with adequate visual-spatial skill, verbal abstracting ability, fund of information, formal judgment, immediate and recent memory, and calculating ability. Plaintiff exhibited occasional slight impairment of attention and concentration. Plaintiff was able to understand simple questions and follow simple directions. She could relate adequately to other people though she appeared to have a very limited ability to tolerate normal stress. Plaintiff's insight was limited and her prognosis was guarded. [R. 404-409]. The ALJ gave great weight to Dr. Cooper's opinion as to the in-depth analysis provided regarding Plaintiff's mental impairments, her attention and concentration, and the ability to understand simple questions and follow simple directions. [R. 27].

The DDS consultant at the initial level found Plaintiff capable of medium exertion with visual limitations which was confirmed at the reconsideration level. [R. 80-84, 96-99]. The ALJ gave the DDS medical consultant at the initial determination some weight, however, he found Dr. Rankin's and Dr. Cooper's opinions as to light exertion and mental limitations pertaining to attention and concentration, and ability to understand simple questions and follow simple directions more reasonable. [R. 27].

Contrary to Plaintiff's claims, the ALJ did not rely on the non-examining DDS medical opinion more heavily than the examining physicians. The ALJ was simply persuaded by her interpretation of Drs. Rankin and Cooper's opinions of light exertion and mental limitations of simple, repetitive tasks, and occasional public contact. Further, the ALJ gave

5

Plaintiff the benefit of the doubt by issuing a more favorable RFC assessment than was suggested by non-examining DDS physicians. [R. 27].

Moreover, Plaintiff is essentially asking this court to reweigh the evidence, "an invitation we must decline." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005). See also *Wall v. Astrue*, 561 F.3d 1048, 1069 (where substantial evidence supports the decision, "we may not reweigh the evidence or try the issues de novo in order to advance a different view" (internal quotation marks omitted)); *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir.2007) ("We review only the sufficiency of the evidence, not its weight[.]"). The evidence relied upon by the ALJ is evidence a reasonable mind could accept as adequate to support a conclusion, and the evidence relied upon by the ALJ is not overwhelmed by other record evidence. Accordingly, the court sees no error in the ALJ's residual functional capacity determination.

Opinion of Consultative Examiner, William L. Cooper, Ph.D.

Plaintiff argues that the ALJ failed to properly consider the opinion of Dr. Cooper which led to errors at Step 2 and Step 5 of the sequential evaluation process. Plaintiff contends that the ALJ failed to find depression to be a severe impairment at Step 2 despite its appearance in treatment records and in Dr. Cooper's findings. [Dkt. 14, p. 4]. Further, the ALJ ignored Dr. Cooper's primary diagnoses at Axis I is Bipolar II disorder vs major depressive disorder.

At Step 2 of the evaluative sequence, the ALJ must determine whether Plaintiff suffers from severe impairments. That is all that is required of the ALJ at Step 2. *Oldham v. Astrue,* 509 F.3d 1254, 1256 (10th Cir. 2007). Once an ALJ finds that a claimant has at least one severe impairment, a failure to designate others as "severe" at Step 2 does not

constitute reversible error because, under the regulations, the agency at later steps "consider[s] the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. §§ 404.1521, 416.921; *see also* 20 C.F.R. §§ 404.1525(e), 416.945(e); *Mariaz v. Sec'y of Health & Human Servs.,* 857 F.2d 240, 244 (6th Cir. 1987), *Brescia v. Astrue,* 287 Fed. Appx. 616, 629 (10th Cir. 2008). The ALJ's decision demonstrates he considered all of Plaintiff's alleged impairments. Thus, the court finds no error in the ALJ's findings at Step 2.

Plaintiff also argues that Dr. Cooper "uncovers disturbing manic depressive symptoms and hoarding behaviors regarding animals" in his report. The symptoms and signs of depression in combination with Plaintiff's lupus and anxiety should be considered in determining Plaintiff's residual functional capacity and potential absenteeism at Step 5 of the process. Further, Dr. Cooper opined Plaintiff "appears to have a very limited ability to tolerate normal stress." [R. 398, Dkt. 14, p. 5].

The ALJ only gave great weight to Dr. Cooper's opinion pertaining to the in-depth analysis regarding Plaintiff's mental impairments, her attention and concentration, and her ability to understand simple questions and follow simple directions which was incorporated into the RFC assessment by limiting Plaintiff to simple, routine tasks. [R. 19, 27]. The ALJ thoroughly discussed the results of the consultative psychological examination and it is clear she considered whether Dr. Cooper's opinion was consistent with the medical evidence. Plaintiff once again is asking the court to reweigh the evidence and this it cannot do.

7

Further, the ALJ did not ignore Dr. Cooper's primary diagnoses. The ALJ found "affective disorder" severe at Step 2. Affective disorders are a set of psychiatric disorders, also called mood disorders. The main types of affective disorders are depression, bipolar disorder, and anxiety[4]. Even if the ALJ did not find "affective disorder" severe at Step 2, because the ALJ did find that Plaintiff had severe impairments, any failure to find additional impairments severe at Step 2 is considered harmless error because the ALJ would nevertheless be required to consider the effects of these impairments and account for them in formulating Claimant's RFC at Step 4. See, e.g., *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [Claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Plaintiff could not be denied benefits conclusively at Step 2 and proceeded to the next step of the evaluation sequence.'"), quoting *Langley v. Barnhart*, 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. See also *Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has any severe impairment, he has satisfied the analysis for purposes of Step 2. The ALJ's failure to find that additional alleged impairments are also severe is not in itself cause for reversal.

Further, the ALJ did not give great weight to Dr. Cooper's opinion that Plaintiff "appeared to have limited ability to tolerate normal stress." The portion of Dr. Cooper's opinion that the ALJ did give great weight to, his "analysis regarding [Plaintiff's] mental

---

[4] See www.healthline.com/heal/affective-disorders.

impairments, her attention and concentration, and [her] ability to understand simple questions and follow simple directions," was adopted into the RFC assessment by limiting Plaintiff to simple, repetitive tasks. Moreover, the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record. *Howard v. Barnhart*, 379 F.3d 945 C.A.10 (Okla.), 2004. See, e.g., 20 C.F.R. § 416.927(e)(2); SSR 96-5p, 1996 WL 374183, at *5. The court finds that the ALJ's evaluation of Dr. Cooper's opinion was proper and is supported by substantial evidence.

### Conclusion

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 8th day of November, 2019.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE